JEFFREY P. FUCHSMAN, SBN 105651
jfuchsman@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone: (818) 508-3700
Facsimile: (818) 506-4827

Attorneys for Defendant MERRITT HOSPITALITY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA GODINEZ, as an individual and on behalf of others similarly situated,, <br><br> Plaintiff, <br><br> vs. <br><br> MERRITT HOSPITALITY, LLC, and DOES 1-50, inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JEAN COLLIER AND MELANIE EW SCHMIER** <br><br> [Orange County Superior Court Case No. 30-2020-01127848-CU-OE-CXC] |

Defendant MERRITT HOSPITALITY, LLC ("Defendant") states as follows:

1.    On January 29, 2020, Plaintiff KARLA GODINEZ ("Plaintiff") filed her Complaint in the above-entitled civil action in the Superior Court for the State of California, County of Orange, Case No. 30-2020-01127848-CU-OE-CXC, which is presently pending against Defendant ("Superior Court Action").

2.    Defendant was served with the Superior Court Action on April 29, 2020, when its legal counsel acknowledged receipt of service of the Summons and Complaint. True and correct copies of the Summons and Complaint are attached hereto as **Exhibit A**.

/ / /

1

**NOTICE OF REMOVAL**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

3.      On May 14, 2020, Defendant filed its Answer to the Complaint in the Superior Court Action.  A true and correct copy of Defendant's Answer filed in the Superior Court Action is attached hereto as **Exhibit B**.

4.      Defendant is informed and believes that none of the purported Doe Defendants have been served with the Summons and Complaint.

5.      The Summons and Complaint filed by Plaintiff (**Exhibit A**), the Answer filed by Defendant (**Exhibit B**), and the civil cover sheet, notice of case assignment, and March 2, 2020 minute order (collectively **Exhibit C**) constitute all of the process, pleadings and orders that Defendant has knowledge of being filed in the Superior Court Action.

6.       Plaintiff's Superior Court Action is a civil action over which this District Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d) based upon diversity of citizenship and an aggregate amount in controversy in excess of $5,000,000, exclusive of interest and costs. The Superior Court Action may be removed to this District Court pursuant to 28 U.S.C. § 1453(b), the Class Action Fairness Act ("CAFA") for the following reasons:

    a.      Plaintiff's Superior Court Action is brought as a class action on behalf of all other hourly employees of Defendant working in California during the period beginning January 29, 2016. (Complaint, ¶¶ 1, 4, 22.)[1] As such, the Superior Court Action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B), and may be removed to this District Court pursuant to CAFA.

    b.      When this action was commenced, and at all times since, Defendant was, and continues to be, a Delaware limited liability company with its

---

[1] The paragraph numbering in the Complaint is off. Plaintiff repeats the same paragraph numbers several times. All references to the Complaint are to the paragraph numbers used by Plaintiff.

847926.1

2

**NOTICE OF REMOVAL**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

principal place of business in Norwalk, Connecticut. Norwalk, Connecticut is where Defendant's headquarters are located, its officers direct, control and coordinate Defendant's activities, where Defendant's administrative functions are carried out, where Defendant's senior leadership is located, and where Defendant's corporate records are maintained. (Collier Decl., ¶¶ 2, 3; see also Complaint, ¶ 12.) The members of Defendant are HEI Hospitality, LLC, and Gary Mendell. HEI Hospitality, LLC is a Delaware limited liability company, with its principal place of business in Norwalk, Connecticut. The members of HEI Hospitality, LLC are the Gary M. Mendell Revocable Trust, the Stephen Mendell Revocable Trust, and Stephen Rushmore. Gary Mendell is a resident of Connecticut, and Stephen Mendell and Stephen Rushmore are residents of Florida. (Collier Decl., ¶ 2.) Thus, Defendant is a citizen of the States of Delaware, Connecticut and Florida under 28 U.S.C. § 1332(c)(1), and is not a citizen of the State of California.

c.   Defendant is informed and believes and thereon alleges that when this action was commenced, and at all times since, Plaintiff was, and continues to be, a citizen of the State of California.   (Complaint, ¶ 11.)

d.   Although unidentified fictitious "Doe" Defendants are alleged in Plaintiff's Complaint, 28 U.S.C. § 1441(b)(1) provides, in pertinent part, that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of Defendants sued under fictitious names shall be disregarded."

e.   Because Plaintiff is a citizen of California, and Defendant a citizen of Delaware and Connecticut, diversity exists between Plaintiff and Defendant in this action pursuant to 28 U.S.C. § 1332(d)(2).

/ / /

/ / /

f.   Plaintiff's Superior Court Action purports to sue on behalf of all other non-exempt employees of Defendant working in California during the period beginning January 29, 2016 to present. (Complaint, ¶¶ 1, 4, 22.) During the relevant period alleged in the Superior Court Action, Defendant has employed approximately 3,788 non-exempt employees working at 14 hotels and one restaurant in California. (Schmier Decl., ¶ 2.)

g.   For purposes of diversity jurisdiction under 28 U.S.C. § 1332(d)(6), the aggregate amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $5,000,000. For purposes of determining if the amount in controversy exceeds $5,000,000, the notice of removal must only allege a "plausible" basis for federal court jurisdiction based on the allegations in the Complaint, and need not be based on evidentiary submissions. *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019). A defendant's allegations showing the amount in controversy may rely on reasonable assumptions. *Id.*   An assumption is reasonable if it is founded on allegations in the Complaint.   *Id.* at 925. Defendant's assumptions need not be proven but must only be based on reasonable grounds. *Id.* at 927. The amount in controversy is "'an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.'" *Id.*

h.   The Complaint seeks to recover unpaid overtime, missed meal and rest break premiums, unreimbursed cell phone expenses, waiting time penalties, wage statement penalties, and attorney's fees on behalf of a class of 3,788 non-exempt employees employed by Defendant in California during the period beginning January 29, 2016. (Complaint, ¶ 3.) Defendant anticipates in good faith that the total aggregated

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

847926.1

4

**NOTICE OF REMOVAL**

damages that are claimed by Plaintiff exceeds the sum of $5,000,000 exclusive of interest and costs for the following reasons:

(1)   Plaintiff alleges "During the Class Period, Defendants had a <u>consistent</u> policy and/or practice of; (1) failing to pay Class Members and Subclass Members the correct overtime wage rate for all hours worked; (2) failing to provide Class Members and Subclass Members with adequate off-duty meal periods at least one half hour every five hours worked; (3) failing to provide Class Members and Subclass Members with adequate on-duty rest periods of ten minutes for every four hours worked or a majority fraction thereof; (4) willfully failing to pay compensation owed (including meal and rest period compensation) in a prompt and timely manner to Plaintiff and other Class Members and Subclass Members whose employment with Defendants terminated; (5) willfully withholding wages owed to employees; and (6) knowingly and intentionally failing to furnish timely itemized statements accurately showing the total hours worked by or hourly rate paid to Plaintiff, Class Members and Subclass Members." (Complaint, ¶ 5; emphasis added.) Plaintiff also alleges "Defendant failed to reimburse Class Members and Subclass Members for being required to use their cell phones for work purposes without being compensated as required by Labor Code section 2802." (Complaint, ¶ 6.)

(2)   Plaintiff further alleges: Plaintiff, Class Members and Subclass Members were "<u>regularly</u> entitled to 'incentive' as a performance based bonus that are non-discretionary" but did not include such incentives when paying overtime. (Complaint, ¶ 16; emphasis added); that Plaintiff "<u>typically</u>" worked more than 8-hour shifts,

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

that Plaintiff was too busy to take meal and rest breaks, and that Defendant "would not compensate Plaintiff for <u>any</u> of her missed meal breaks or rest periods <u>throughout her employment</u>." (Complaint, ¶ 18; emphasis added); that "<u>throughout Plaintiff's employment</u>" her paystubs were not accurate (Complaint, ¶ 19; emphasis added), and that "<u>all other similarly situated employees</u> of Defendant were under the <u>same circumstances and conditions</u> of employment as her." (Complaint, ¶ 20; emphasis added); that "Defendant had a policy where it did not pay correct overtime rates" to Plaintiff and other employees when earned or at termination (Complaint, ¶ 21); and that "Plaintiff's claims are typical of those belonging to the members of the Class" (Complaint, ¶ 26).

(3)   Plaintiff seeks to recover one hour of premium pay for every shift that an employee was not provided with a compliant meal or rest period. (Complaint, ¶¶ 37, 42.) During the class period, Class Members worked approximately 317,940 work weeks. The average hourly rate of pay during the class period is $15.73. (Schmier Decl., ¶ 2.) Based on Plaintiff's allegations that Defendant had a "<u>consistent</u>" policy not to provide employees with compliant meal and rest periods, and that she was not compensated for "<u>any</u>" of her missed meal and rest breaks (Complaint, ¶¶ 5, 18), it is reasonable to assume one missed meal break premium and one missed rest break premium per week, or two hours of missed break premiums total. See *Arias, supra*, 936 F.3d at 926-927 (reasonable to assume one missed rest break and one missed meal break per week based on plaintiff's allegations that defendant "routinely" failed to pay employees missed break

premises). If Plaintiff can establish two hours of pay per week at $15.73/hour, the total potential amount in controversy for meal and rest breaks totals $10,002,392. ($15.73 x 2 hours x 317,940 weeks = $10,002,392.)

(4)   Plaintiff seeks to recover overtime based on Defendant's alleged failure to include incentive pay in employees' overtime rate. (Complaint, ¶¶ 5, 7, 16, 21.) Plaintiff further alleges that she and other employees typically work in excess of eight hours per work day. (Complaint, ¶ 18.) Based on Plaintiff's allegation that Defendant had a "consistent" policy not to pay employees overtime based on incentives they "regularly" received, it is reasonable to assume 30 minutes of additional overtime per week. See *Arias, supra*, 936 F.3d at 926-927 (reasonable to assume 30 minutes of overtime per week based on plaintiff's allegation that defendant "routinely" failed to pay employees overtime.)   If Plaintiff can establish 30 minutes of overtime per week at $15.73/hour, the total potential amount in controversy for overtime totals $2,500,598. ($15.73 x .5 hour x 317,940 weeks = $2,500,598.)

(5)   Plaintiff seeks to recover damages for Defendant's' alleged failure to reimburse employees for the business use of their personal cell phone. (Complaint, ¶¶ 6, 17, 20.) Based on Plaintiff's allegation that employees "regularly" were required to use their personal cell phones for work, it reasonable to assume employees are entitled to $10/month or $2.50/week for cell phone reimbursement. If Plaintiff can establish $2.50 per week, the total potential amount in controversy for cell phone reimbursement is $793,725. ($2.50 x 317,940 weeks = $793,725.)

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

847926.1

**NOTICE OF REMOVAL**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

(6)    Plaintiff seeks to recover penalties of $4,000 per employee under Labor Code section 226 based on Defendant's alleged failure to provide employees with accurate wage statements. (Complaint, ¶¶ 5, 19, 55.) The wage statement Subclass includes all employees who worked during the period beginning January 29, 2019. (Complaint, ¶ 22.) Defendant employed 2,167 non-exempt employees in California during the period beginning January 29, 2019. (Schmier Decl., ¶ 2.) Based on Plaintiff's allegation that every employee is entitled to recover "no less than $4,000" (Complaint, ¶ 55), the total potential amount in controversy on the wage statement claim is $8,668,000. (2,167 employees x $4,000 = $8,668,000.)

(7)    Plaintiff seeks to recover waiting time penalties under Labor Code section 203 equal to 30 days of wages for all former employees who terminated during the period beginning January 29, 2017, and who allegedly were not paid all wages owed at termination. (Complaint, ¶¶ 21, 22, 48.) There are 1,471 former non-exempt employees in California who terminated on or after January 29, 2017. (Schmier Decl., ¶ 2.) Based on Plaintiff's allegation that all former employees are entitled to 30 days of wages as waiting time penalties, the total potential amount in controversy on the waiting time penalty claim is $5,553,319. (1,471 employees x $15.73/hour x 8 hours x 30 days = $5,553,319.)

(8)    Plaintiff seeks to recover attorney's fees. (Complaint, ¶¶ 23, 31, 37, 43, 48, 65.) Attorney's fees must be included when determining the amount in controversy for removal jurisdiction. *Arias, supra*, 936 F.3d at 927-928.

/ / /

847926.1

**NOTICE OF REMOVAL**

7.    In addition to Plaintiff's Superior Court Action, Defendant has been sued in two other class actions asserting similar wage and hour claims in the past three years:  *Calzada v. Integrated Business Services, LLC, et al*., Santa Cruz Superior Court Case No. 17 CV02227; and *Nunez v. Merritt Hospitality, LLC*, Los Angeles Superior Court Case No. 20STCV07198.

8.    This District Court has jurisdiction over all the parties, and its territorial jurisdiction embraces the place where the Superior Court Action is pending.

WHEREFORE, Defendant prays that the Superior Court Action be removed from the Orange County Superior Court to this District Court.

DATED:  May 21, 2020                    BALLARD ROSENBERG GOLPER & SAVITT, LLP


By:    */s/ Jeffrey P. Fuchsman*
    JEFFREY P. FUCHSMAN
Attorneys for Defendant MERRITT HOSPITALITY, LLC


I certify under Fed. R. Civ. P. 11 that the foregoing is true and correct to the best of my knowledge.


*/s/ Jeffrey P. Fuchsman*
Jeffrey P. Fuchsman
jfuchsman@brgslaw.com

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF NOTICE OF REMOVAL

### I.   INTRODUCTION

Plaintiff purports to sue on behalf of a class of all other hourly employees of Defendant working in California during the period beginning January 29, 2016. (Complaint, ¶¶ 1, 4, 22.) As such, this is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B), and may be removed to this District Court pursuant to CAFA. During the relevant period alleged in the Superior Court Action, Defendant has employed approximately 3,788 non-exempt employees working at 14 hotels and one restaurant in California. (Schmier Decl., ¶ 2.) As established below, diversity of citizenship exists between Plaintiff and Defendant, there are more than 100 employees in the alleged class, and the amount in controversy is well in excess of $5,000,000 based on Plaintiff's allegations.

### II.   PLAINTIFF'S SUPERIOR COURT ACTION CAN BE REMOVED UNDER CAFA

Class actions can be removed to federal court under CAFA. 28 U.S.C. § 1453(b). To satisfy the requirements for removal under CAFA, Defendant must establish the following: (1) the class consists of at least 100 employees (28 U.S.C. § 1332(d)); (2) there is diversity of citizenship between any member of the class and any defendant (28 U.S.C. § 1332(d)(2)(B)); and (3) the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. §§ 1332(d)(2), (6)). *Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975, 977-978 (9th Cir. 2013).

Here, the alleged class includes 3,788 employees, so the first requirement is clearly satisfied. (Schmier Decl., ¶ 2.) As to diversity of citizenship, Plaintiff is a citizen of California. (Complaint, ¶ 11.) The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-126* (1st Cir. 2011); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings,*

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

*LLC*, 374 F.3d 1020, 1021-1022 (11th Cir. 2004.) Both at the commencement of this action and now, Defendant was a Delaware limited liability company, with its principal place of business in Norwalk, Connecticut. (Collier Decl., ¶¶ 2, 3; see also Complaint, ¶ 12.) The members of Defendant are HEI Hospitality, LLC, and Gary Mendell.  HEI Hospitality, LLC is a Delaware limited liability company, with its principal place of business in Norwalk, Connecticut. The members of HEI Hospitality, LLC are the Gary Mendell Revocable Trust, the Stephen Mendell Revocable Trust, and Stephen Rushmore. Gary Mendell is a resident of Connecticut, and Stephen Mendell and Stephen Rushmore are residents of Florida.  (Collier Decl., ¶¶ 2, 3.) Thus, Defendant is a citizen of the States of Delaware, Connecticut and Florida under 28 U.S.C. § 1332(c)(1), and is not a citizen of the State of California.

As the U.S. Supreme Court held in *Hertz Corp. v. Friend,* 559 U.S. 77 (2010), a corporation's principal place of business for diversity purposes is where its  officers direct, control and coordinate the corporation's activities.  *Id.* at 92-93.  As explained in *Hertz*:

> "And in practice it should normally be the place  where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93.

In *Hertz*, respondents, California citizens, sued petitioner Hertz Corporation in a California state court for alleged state law violations. Hertz removed the case to federal court under 28 U.S.C. §§ 1332(d)(2), 1441(a) based on diversity.  Respondents argued Hertz was a California citizen and diversity jurisdiction was lacking under § 1332(c)(1).   To show its principal place of business was in New Jersey, not California, Hertz submitted a declaration stating it operated facilities in forty-four states, that California accounted for only a portion of its business activity, that its

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1  leadership was at its corporate headquarters in New Jersey, and that its core executive

2  and administrative functions were primarily carried out there. *Id.* at 81-82.

3      The district court concluded it lacked diversity jurisdiction because Hertz was

4  a California citizen under prior Ninth Circuit precedent.  Finding that California was

5  Hertz's principal place of business because a plurality of the relevant business activity

6  occurred there, the district court remanded the case to state court. The Ninth Circuit

7  affirmed.  *Id.* at 82. The Supreme Court reversed.  Applying the "nerve center test,"

8  the Supreme Court held the petitioner's declaration demonstrated Hertz's center of

9  direction, control and coordination, *i.e.*, its "nerve center," was located in New Jersey,

10  not California.  *Id*. at 97.

11      Here, Defendant and its member HEI Hospitality, LLC are Delaware limited

12  liability companies. Further, Norwalk, Connecticut is where both their headquarters

13  are located; their officers direct, control, and coordinate their activities; where their

14  corporate records are maintained; and where their leadership and administrative

15  functions  are carried out. (Collier Decl., ¶ 3.)  Thus, Defendant's principal place of

16  business is Connecticut.

17      Although there is complete diversity of citizenship between Plaintiff and

18  Defendants, CAFA does not require complete diversity for removal.  Rather, removal

19  is proper if there is "minimal" diversity.  Such minimal diversity can be established if

20  there is diversity between any member of the class and any defendant.  28 U.S.C.

21  § 1332(d)(2)(A).[2]

22  / / /

23

24  _____

25  [2] A district court has discretion to decline jurisdiction over the matter if more than
   one-third of the class members and the primary defendant are citizens of the State
26  where the action was filed.  28 U.S.C. § 1332(d)(3).  If more than two-thirds of the
   class members and the primary defendant are citizens of the State where the action
27  was filed, the district court must decline jurisdiction. 28 U.S.C. § 1332(d)(4).  Here,
28  since Defendant is not a citizen of California, neither § 1332(d)(3) nor (d)(4) applies.

CAFA expressly provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). For purposes of determining if the amount in controversy exceeds $5,000,000, the notice of removal must only allege a "plausible" basis for federal court jurisdiction based on the allegations in the Complaint, and need not be based on evidentiary submissions. *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019). A defendant's allegations showing the amount in controversy may rely on reasonable assumptions. *Id*. An assumption is reasonable if it is founded on allegations in the Complaint. *Id*. at 925. Defendant's assumptions need not be proven but must only be based on reasonable grounds. *Id*. at 927. The amount in controversy is "'an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.'" *Id*.

The Complaint seeks to recover unpaid overtime, missed meal and rest break premiums, unreimbursed cell phone expenses, waiting time penalties, wage statement penalties, and attorney's fees on behalf of a class of 3,788 non-exempt employees employed by Defendant in California during the period beginning January 29, 2016. (Complaint, ¶ 3.) Defendant anticipates in good faith that the total aggregated damages that are claimed by Plaintiff exceeds the sum of $5,000,000 exclusive of interest and costs for the following reasons.

Plaintiff alleges "During the Class Period, Defendants had a <u>consistent</u> policy and/or practice of; (1) failing to pay Class Members and Subclass Members the correct overtime wage rate for all hours worked; (2) failing to provide Class Members and Subclass Members with adequate off-duty meal periods at least one half hour every five hours worked; (3) failing to provide Class Members and Subclass Members with adequate on-duty rest periods of ten minutes for every four hours worked or a majority fraction thereof; (4) willfully failing to pay compensation owed (including meal and rest period compensation) in a prompt and timely manner to Plaintiff and other Class Members and Subclass Members whose employment with Defendants terminated;

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

847926.1

**NOTICE OF REMOVAL**

(5) willfully withholding wages owed to employees; and (6) knowingly and intentionally failing to furnish timely itemized statements accurately showing the total hours worked by or hourly rate paid to Plaintiff, Class Members and Subclass Members." (Complaint, ¶ 5; emphasis added.) Plaintiff also alleges "Defendant failed to reimburse Class Members and Subclass Members for being required to use their cell phones for work purposes without being compensated as required by Labor Code section 2802." (Complaint, ¶ 6.)

Plaintiff further alleges: Plaintiff, Class Members and Subclass Members were "regularly entitled to 'incentive' as a performance based bonus that are non-discretionary" but did not include such incentives when paying overtime. (Complaint, ¶ 16; emphasis added); that Plaintiff "typically" worked more than 8-hour shifts, that Plaintiff was too busy to take meal and rest breaks, and that Defendant "would not compensate Plaintiff for any of her missed meal breaks or rest periods throughout her employment." (Complaint, ¶ 18; emphasis added); that "throughout Plaintiff's employment" her paystubs were not accurate (Complaint, ¶ 19; emphasis added), and that "all other similarly situated employees of Defendant were under the same circumstances and conditions of employment as her." (Complaint, ¶ 20; emphasis added); that "Defendant had a policy where it did not pay correct overtime rates" to Plaintiff and other employees when earned or at termination (Complaint, ¶ 21); and that "Plaintiff's claims are typical of those belonging to the members of the Class." (Complaint, ¶ 26).

Plaintiff seeks to recover one hour of premium pay for every shift that an employee was not provided with a compliant meal or rest period. (Complaint, ¶¶ 37, 42.) During the class period, Class Members worked approximately 317,940 work weeks. The average hourly rate of pay during the class period is $15.73. (Schmier Decl., ¶ 2.) Based on Plaintiff's allegations that Defendant had a "consistent" policy not to provide employees with compliant meal and rest periods, and that she was not compensated for "any" of her missed meal and rest breaks (Complaint, ¶¶ 5, 18), it is

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

reasonable to assume one missed meal break premium and one missed rest break premium per week, or two hours of missed break premiums total. See *Arias, supra*, 936 F.3d at 926-927 (reasonable to assume one missed rest break and one missed meal break per week based on plaintiff's allegations that defendant "routinely" failed to pay employees missed break premiums). If Plaintiff can establish two hours of pay per week at $15.73/hour, the total potential amount in controversy for meal and rest breaks totals $10,002,392. ($15.73 x 2 hours x 317,940 weeks = $10,002,392.)

Plaintiff seeks to recover overtime based on Defendant's alleged failure to include incentive pay in employees' overtime rate. (Complaint, ¶¶ 5, 7, 16, 21.) Plaintiff further alleges that she and other employees typically work in excess of eight hours per work day. (Complaint, ¶ 18.) Based on Plaintiff's allegation that Defendant had a "<u>consistent</u>" policy not to pay employees overtime based on incentives they "<u>regularly</u>" received, it is reasonable to assume 30 minutes of additional overtime per week. See *Arias, supra*, 936 F.3d at 926-927 (reasonable to assume 30 minutes of overtime per week based on plaintiff's allegation that defendant "routinely" failed to pay employees overtime).  If Plaintiff can establish 30 minutes of overtime per week at $15.73/hour, the total potential amount in controversy for overtime totals $2,500,598. ($15.73 x .5 hour x 317,940 weeks = $2,500,598.)

Plaintiff seeks to recover damages for Defendant's' alleged failure to reimburse employees for the business use of their personal cell phone. (Complaint, ¶¶ 6, 17, 20.) Based on Plaintiff's allegation that employees "<u>regularly</u>" were required to use their personal cell phones for work, it is reasonable to assume employees are entitled to $10/month or $2.50/week for cell phone reimbursement. If Plaintiff can establish $2.50 per week, the total potential amount in controversy for cell phone reimbursement is $793,725. ($2.50 x 317,940 weeks = $793,725.)

Plaintiff seeks to recover penalties of $4,000 per employee under Labor Code section 226 based on Defendant's alleged failure to provide employees with accurate wage statements. (Complaint, ¶¶ 5, 19, 55.) The wage statement Subclass includes all

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

847926.1

15

**NOTICE OF REMOVAL**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1   employees who worked during the period beginning January 29, 2019. (Complaint, ¶

2   22.) Defendant employed 2,167 non-exempt employees in California during the

3   period beginning January 29, 2019. (Schmier Decl., ¶ 2.) Based on Plaintiff's

4   allegation that every employee is entitled to recover "no less than $4,000" (Complaint,

5   ¶ 55), the total potential amount in controversy on the wage statement claim is

6   $8,668,000. (2,167 employees x $4,000 = $8,668,000.)

7        Plaintiff seeks to recover waiting time penalties under Labor Code section 203

8   equal to 30 days of wages for all former employees who terminated during the period

9   beginning January 29, 2017, and who allegedly were not paid all wages owed at

10  termination. (Complaint, ¶¶ 21, 22, 48.) There are 1,471 former non-exempt

11  employees in California who terminated on or after January 29, 2017. (Schmier

12  Decl., ¶ 2.) Based on Plaintiff's allegation that all former employees are entitled to 30

13  days of wages as waiting time penalties, the total potential amount in controversy on

14  the waiting time penalty claim is $5,553,319. (1,471 employees x $15.73/hour x 8

15  hours x 30 days = $5,553,319.)

16       Plaintiff seeks to recover attorney's fees. (Complaint, ¶¶ 23, 31, 37, 43, 48, 65.)

17  Attorney's fees must be included when determining the amount in controversy for

18  removal jurisdiction. *Arias, supra*, 936 F.3d at 927-928. Even without considering

19  attorney's fees, based on Plaintiff's allegations, the amount in controversy for removal

20  purposes is over $27,500,000. Thus, the amount in controversy is well in excess of

21  $5,000,000.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

847926.1

III.    <u>**CONCLUSION**</u>

For all the foregoing reasons, Defendants urge that Plaintiff's Superior Court Action be removed to this District Court.

DATED:  May 21, 2020            BALLARD ROSENBERG GOLPER & SAVITT, LLP


By:   _/s/ Jeffrey P. Fuchsman_
        JEFFREY P. FUCHSMAN
        Attorneys for Defendant MERRITT HOSPITALITY, LLC

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## DECLARATION OF MELANIE EW COLLIER

I, MELANIE EW COLLIER, declare as follows:

1.      I am employed as Corporate Paralegal for Defendant Merritt Hospitality, LLC. This Declaration is made in support of Defendant's notice of removal. If called as a witness, I could and would testify competently to the following facts based on my own personal knowledge.

2.      Both at the commencement of this action and now, Defendant Merritt Hospitality, LLC was a Delaware limited liability company, with its principal place of business in Norwalk, Connecticut. The members of Defendant are HEI Hospitality, LLC, and Gary Mendell. HEI Hospitality, LLC is a Delaware limited liability company, with its principal place of business in Norwalk, Connecticut. The members of HEI Hospitality, LLC are the Gary M. Mendell Revocable Trust, the Stephen Mendell Revocable Trust, and Stephen Rushmore. Gary Mendell is a resident of Connecticut, and Stephen Mendell and Stephen Rushmore are residents of Florida.

3.      Norwalk, Connecticut is where Merritt Hospitality, LLC and HEI Hospitality, LLC both have their headquarters; their officers direct, control, and coordinate their activities; where their corporate records are maintained; and where their leadership and administrative functions are carried out.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct. Executed on May 15, 2020, at Norwalk, Connecticut.

_____
MELANIE EW COLLIER

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

# DECLARATION OF JEAN SCHMIER

I, JEAN SCHMIER, declare as follows:

1.     I am employed by Defendant Merritt Hospitality, LLC as Corporate Director of Employee Relations. This Declaration is made in support of Defendant's notice of removal. If called as a witness, I could and would testify competently to the following facts based on my own personal knowledge.

2.     Plaintiff purports to sue on behalf of a class of all hourly employees of Defendant working in California during the period beginning January 29, 2016. Based on data maintained by Defendant in its human resources information system in the ordinary course of business, there were approximately 3,788 non-exempt employees working at 14 hotels and one restaurant in California during the period beginning January 29, 2016. Based on the hire and termination dates of these employees, there were 317,940 work weeks during the class period. The average hourly rate of pay during the class period is $15.73. Defendant employed 2,167 non-exempt employees in California during the period beginning January 29, 2019. There are 1,471 former non-exempt employees in California who terminated on or after January 29, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 14, 2020, at Olney, Maryland.

_____
JEAN SCHMIER

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MERRITT HOSPITALITY, LLC. and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KARLA GODINEZ, as an individual and on behalf of other similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Orange-Civil Complex Center
751 W. Santa Ana Blvd., Santa Ana, CA 92701

CASE NUMBER: *(Número del Caso):*
**30-2020-01127848-CU-OE-CXC**

Judge Peter Wilson

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jackson Law, APC, 2 Venture, Ste. 240, Irvine, CA 92618, Tel: 949-281-6857, Armond M. Jackson

DATE:  01/29/2020
*(Fecha)*

DAVID H. YAMASAKI, Clerk of the Court

Clerk, by *Aloose* , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

Sarah Loose

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

[SEAL]



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Case 8:20-cv-00944-JWH-KES Document 1 Filed 05/21/20 Page 22 of 58 Page ID
30-2020-01127848-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.
#423

1  Armond M. Jackson, SBN 281547
**Jackson Law, APC**
2  2 Venture Plaza, Ste. 240
Irvine, CA 92618
3  Phone (949) 281-6857
Fax (949) 777-6218
4
5  Attorneys for Plaintiff Karla Godinez

6  **SUPERIOR COURT OF STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**
7

8  KARLA GODINEZ, as an individual and on )  Case No.: 30-2020-01127848-CU-OE-CXC
behalf of others similarly situated,          )
9                                               )  Assigned for all purposes to: Judge Peter Wilson
                                                )  Dept: CX102
10              Plaintiff,                       )
                                                )
11      vs.                                      )  **CLASS ACTION CLAIMS**
                                                )
12  MERRITT HOSPITALITY, LLC. and DOES          )  **COMPLAINT FOR:**
1-50, inclusive,                               )
13                                               )  1. **CLAIM FOR FAILURE TO PAY**
14              Defendant.                       )     **OVERTIME WAGES (CAL. LAB.**
                                                )     **CODE SECTION 1194; IWC**
15                                               )     **WAGE ORDER 5, SECTION 3);**
                                                )
16                                               )  2. **CLAIM FOR FAILURE TO**
                                                )     **PROVIDE MEAL BREAKS (IWC**
17                                               )     **WAGE ORDERS 5, SECTION 11)**
                                                )
18                                               )  3. **CLAIM FOR FAILURE TO**
                                                )     **PROVIDE REST PERIODS (IWC**
19                                               )     **WAGE ORDERS 5, SECTION 12)**
                                                )
20  _____          )
                                                )  4. **CLAIM FOR FAILURE TO PAY**
21                                                    **TIMELY WAGES UPON**
                                                     **TERMINATION (LAB. CODE §**
22                                                    **203)**

23                                               5. **CLAIM FOR FAILURE TO**
                                                    **PROVIDE AND MAINTAIN**
24                                                   **ACCURATE ITEMIZED WAGE**
                                                    **STATEMENTS AND MAINTAIN**
25                                                   **RECORDS (LAB. CODE § 226(a))**

26                                               6. **CLAIM FOR FAILURE TO PAY**
27                                                   **FOR NECESSARY EXPENSES**

28

**COMPLAINT—1**

7.  **UNLAWFUL BUSINESS PRACTICES UNDER (BUS. AND PROF. CODE, § 17200, ET SEQ.)**

**[JURY DEMAND]**

Plaintiff Karla Godinez ("Plaintiff" or "Ms. Godinez") makes the following allegations against Defendant Merritt Hospitality, LLC (referred to throughout herein as "Defendant"):

**INTRODUCTION**

1.      Plaintiff brings this class action on behalf of all non-exempt employees (collectively referred to herein as "Class Members") employed by Defendant that worked at Merritt Hospitality, LLC and, DOES 1-50 in California from the date four years prior to the filing of this Complaint through the date of trial in this action.

2.      Defendant violated California law by preventing Class Members and Subclass Members from paying the correct regular wage rate for overtime, taking their entitled rest breaks, meal breaks, wages upon termination, and waiting time penalties upon termination.

3.      In this action, Plaintiff, on behalf of herself and all Class Members and Subclass Members, seek unpaid overtime wages, premium wages for missed meal breaks, rest breaks, wages, and wages upon termination. Statutory penalties, restitution, declaratory and injunctive relief, attorneys' fees and costs, prejudgment interest and other relief under California Industrial Welfare Commission (I.W.C.) Wage Order 5-2001, 8 Cal. Code of Reg. section 11050 ("Wage Order 5-2001"), California Labor Code  (Labor Code") sections 203, 226(a) 1-2, 5, 9, 226.3, 226.7, 510, 512, 515, 558, 1774, 1198, 2802, 2699.5, California Code of Civil Procedure section 1021.5, California Business and Professions Code sections 17200 et seq. ("UCL"), and California common law.

4.      The "Class Period" is designated as the time from four years prior to the filing of this Complaint through the trial of this action based upon the allegation that the violations of the Labor Code and UCL, as described more fully below, have been ongoing since at least four years prior to the date of the instant Complaint in this action and are continuing.

5.      During the Class Period, Defendants had a consistent policy and/or practice of; (1) failing to pay Class Members and Subclass Members the correct overtime wage rate for all hours worked; (2) failing to provide Class Members and Subclass Members with adequate off-duty meal periods at least one half hour every five hours worked; (3) failing to provide Class Members and Subclass Members with adequate on-duty rest periods of ten minutes every four

**COMPLAINT—3**

hours worked or a majority fraction thereof; (4) willfully failing to pay compensation owed (including meal and rest period compensation) in a prompt and timely manner to Plaintiff and other Class Members and Subclass Members whose employment with Defendants terminated; (5) willfully withholding wages owed to employees; and (6) knowingly and intentionally failing to furnish timely itemized statements accurately showing the total hours worked by or hourly rate paid to Plaintiff, Class Members and Subclass Members.

6.      During the Class Period, Defendants failed to reimburse Class Members and Subclass Members for being required to use their cell phones for work purposes without being compensated as required by Labor Code section 2802.

7.      During the Class Period, Defendants failed to provide Class Members and Subclass Members with the correct overtime rate for all hours worked as required by Labor Code sections 510 and 1194, Wage Order No. 5-2001.

8.      During the Class Period, Defendants failed to provide Class Members and Subclass Members with an uninterrupted off-duty thirty (30) minute meal break for each five hours a day worked as required by Labor Code sections section 226.7, Wage Order No. 5-2001.

9.      During the Class Period, Defendants have failed to provide Class Members and Subclass Members with an uninterrupted paid ten (10) minute rest break for each four (4) hours or major fraction thereof worked per day as required by Labor Code section 226.7, Wage Order No. 5-2001.

10.     During the Class Period, Defendants have willfully withheld wages from current and former Class Members and Subclass Members during their employment, in violation of Labor Code sections 201-203.

11.     Accordingly, Defendants violated UCL, with the violations of the California wage and hour laws described above.

## **GENERAL ALLEGATIONS**

**Parties and Venue.**

11.     Plaintiff is, and at all relevant times was, a citizen and resident of the city of Costa Mesa, in the County of Orange in the State of California.

12.      Plaintiff is informed and believes and on that basis alleges that at all relevant times Defendant Merritt Hospitality, LLC (hereinafter referred to as "MH") is a California corporation doing business in the State of California with a principal place of business located at 101 Merritt 7 Corporate Park, Norwalk Connecticut, 06851.

13.      In light of the facts that the wrongful acts of this defendant occurred and the causes against them arose in Orange County, State of California, jurisdiction and venue is proper in Orange County Superior Court.

**Doe Allegations.**

14.      Plaintiff does not presently know the true names and capacities of defendant named as Doe 1 through Doe 50, inclusive.  Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants, when they are ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitious defendants have participated in the acts alleged in this complaint to have been done by the named defendants.

**Vicarious Liability.**

15.      Unless otherwise indicated, each defendant herein sued is the agent, co-conspirator, joint venturer, partner, and/or employee of every other defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, partnership, and/or employment, with the knowledge and/or consent of co-defendants, and each of them.  Plaintiff is informed and believes and thereon alleges that each defendant has authorized and/or ratified the wrongful activities of each of the remaining defendants.

<u>COMMON ALLEGATIONS TO ALL CAUSES OF ACTION</u>

16.      Plaintiff worked for MH as a nonexempt employee associated with housekeeping tasks associated with cleaning rooms for customers at MH.

17.      During Plaintiff's employment at MH, Plaintiff would be required to clean as many rooms as possible during her work shifts.

**Defendants Failed to Pay Appropriate Regular Rate To Plaintiff, Class Members and Subclass Members**

16.      Plaintiff, Class Members and Subclass Members were regularly entitled to "incentive"

COMPLAINT—5

as a performance based bonus that are non-discretionary. Defendants scheduled and required Plaintiff, Class Members and Subclass Members to work above 8 hours and 40 hours per workweek without receiving the correct straight time or overtime compensation for such overtime hours worked in violation of California Labor Code sections 510 and 1194 and the applicable California Industrial Welfare Commission wage order(s).

**Defendant Failed to Reimburse for Business Expenses**

17.    Plaintiff, Class Members and Subclass Members were regularly required to use their personal cell phones for work purposes and not reimbursed for this expense incurred in order to perform their job duties in violation of California Labor Code section 2802. and the applicable California Industrial Welfare Commission wage order(s).

**Defendant Did Not Provide Meal and Rest Breaks**

18.    Typically, Plaintiff would work above 8 hour work shifts at Defendant. During these work shifts, Plaintiff would be required to do many tasks such as cleaning hotel rooms, washing bed sheets, cleaning floors and perform all necessary job duties fast enough so that the room can be clean for the hotel guests at MH. During these shifts it would be very busy where she would not be able or permitted to take his entitled uninterrupted 10-minute rest breaks each four hours or a 30-minute uninterrupted meal break at a reasonably practicable time during his shift when she worked more than a six, ten and twelve hour shift. Defendants would not compensate Plaintiff for any of her missed meal breaks or rest periods throughout her employment. The wages for the missed meal breaks and rest periods that should have been paid her premium wages.

**Defendants Provided Inaccurate Wage Statements**

19.    Furthermore, throughout Plaintiff's employment, her paystubs did not accurately reflect her applicable total hours worked, net wages earned, gross wages earned and actual applicable wage rate all in violation of California Labor Code Section 226(a), specifically sections 1-2, 4-5

and 8-9. Due to the fact that Defendant excluded the hours' worth of work that should have been reflected on her paystubs for the correct gross wages, net wages, applicable hourly rate with corresponding number of hours worked. Therefore, the paystubs did not accurately reflect the net wages earned, gross wages earned, accurately depict deductions that should have been taken out and actual applicable wage rate corresponding with the total hours worked as well as the name and address of the legal entity that employed Plaintiff.

20.    Plaintiff is informed and on that basis believes that all other similarly situated employees of Defendant were under the same circumstances and conditions of employment as her. Specifically all other similarly situated employees were not provided with accurate itemized wages statements and received paystubs that did not reflect their applicable total hours worked, gross wages earned, net wages earned, as well as the name and address of the legal entity that employed Plaintiff and actual applicable wage rates including the correct overtime rates corresponding with the total hours worked by virtue of excluding hourly rate and hours worth of work on their paystubs. Furthermore, nor were they provided with any legally required uninterrupted meal breaks and rest periods.

**Defendants  Failed to Pay Wages Upon Termination to Class Members**

21.    During Plaintiff's employment, Defendant had a policy where it did not pay correct overtime rates incorporating bonusses that should have been included in the overtime calculations. These monies were supposed to be paid out to Plaintiff and the other employees at the time the wages were earned or upon termination.

## CLASS ACTION ALLEGATIONS

22.    This action is maintainable as a representative action pursuant to California Code of Civil Procedure section 382 as to violations of Wage Order 5-2001 and UCL for meal and rest break violations, interest for owed wages, owed wages, failure to pay overtime wages, waiting time penalties, failure to furnish timely, itemized wage statements, and attorneys' fees and costs. Plaintiff is a representative of other Class Members and is acting on behalf of their interests. The

similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendant's own employment records. The Class that Plaintiff seeks to represent is defined as follows:

> All nonexempt Class Members in California who worked for MH at any time from four years prior to the date of filing of this action through the date of trial.

The Subclass 1 that Plaintiff seeks to represent is defined as follows:

> All individuals in California who worked for Defendants as nonexempt employees at any time from three years of the date of the filing of this Complaint through the date of trial.

The Subclass 2 that Plaintiff seeks to represent is defined as follows:

> All individuals in California who worked for Defendants as nonexempt employees at any time from one year of the date of the filing of this Complaint through the date of trial.

23.    The individuals included within the alleged Class is over one hundred (100) and is so numerous that joinder of each of them would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefits the parties, the Court, and the interests of justice. The Subclass 1 and Subclass 2, shall be collectively referred to herein as "Subclass".

24.    Among the proposed Class there is a well defined community of interest in the questions of law and/or fact involved, affecting the Class Members, These common questions include, but are not limited to:

> a.    Whether Defendant's failure to provide meal periods to Class Members violates Labor Code sections 226.7, 512 and Wage Order 5-2001;
>
> b.    Whether Defendant's failure to provide rest periods to Class Members violates Labor Code section 226.7 and Wage Order 5-2001;
>
> c.    Whether Defendant's failure to provide formerly employed Class Members with all wages due upon separation violates Labor Code sections 201-203;

d.  Whether Defendant's failure to keep accurate payroll records of daily hours worked violates Labor Code section 1174;

e.  Whether Defendant's' failure to provide Class Members with itemized statements of wages and hours worked violates Labor Code section 226;

f.  Whether Defendant's various violations of the Labor Code serve as predicate violations of the UCL.

25.  Common questions of law and/or fact predominate over questions that affect only individual Class Members.

26.  Plaintiff's claims are typical of those belonging to the members of the Class they seek to represent, and Plaintiff can adequately represent the Class he seeks to represent.

## FIRST CAUSE OF ACTION

**(Claim for Failure to Provide Overtime Wages – Lab. Code 510 and 1194, Wage Order 5 Section 3 by Plaintiff and Class and Subclass Against All Defendants and DOES 1-50)**

27.  Plaintiff hereby incorporate all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

28.  Plaintiff bring this claim on behalf of themselves, the Class Members and Subclass Members.

29.  Defendants were required to compensate Plaintiff for all hours worked pursuant to California Labor Code sections 510 and 1194 and Industrial Welfare Commission Wage Order 5-2001 Section 3. Defendants failed to do so. Plaintiff Class Members and Subclass Members are entitled to overtime wages and civil penalties as a consequence of this failure.

30.  Defendants were required to pay the Plaintiff, Class Members and Subclass Members for all of the overtime wages they are entitled to pursuant to California Labor Code sections 510 and 1194 and Industrial Welfare Commission Wage Order 5-2001 Section 3. It failed to do so. Plaintiff, Class Members and Subclass Members are entitled to civil penalties and owed wages as a consequence of this failure.

31.  As a direct result of Defendants violations alleged herein, Plaintiff, Class Members and Subclass Members have suffered and continues to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees

in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

32.     As a result of the violations alleged herein, Plaintiff seek all civil penalties and wages available pursuant to the Labor Code, Wage Order 5, and an award of reasonable attorney's fees and costs. The exact amount of the applicable penalties is an amount to be shown according to proof at trial.

### SECOND CAUSE OF ACTION
**(Claim for Failure to Provide Meal Breaks – Lab. Code 226.7, 512 and Wage Order 5, Section 11 by Plaintiff and Class and Subclass Against All Defendants and DOES 1-50)**

33.     Plaintiff hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

34.     Plaintiff brings this claim on behalf of herself, and the Class Members and Subclass.

35.     Defendant were required to authorize and permit Plaintiff and Class and Subclass Members to take uninterrupted meal breaks pursuant to Industrial Welfare Commission Wage Order 5-2001 Section 11(A). Defendants failed to do so by not allowing such uninterrupted meal breaks. Plaintiff and Class Members are entitled to premium wages and civil penalties as a consequence of this failure.

36.     Defendants were required to pay the Plaintiff and Class and Subclass Members employees one (1) hour of pay at their regular rate of compensation for each workday that the legally compliant meal breaks are not provided, pursuant to Industrial Welfare Commission Wage Order 5-2001 Section 11(B). It failed to do so. Plaintiff and Class and Subclass Members are entitled to civil penalties and owed wages as a consequence of this failure.

37.     As a direct result of Defendant violations alleged herein, Plaintiff and Class and Subclass Members have suffered and continues to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

**COMPLAINT—10**

38.    As a result of the violations alleged herein, Plaintiff seeks all civil penalties and wages available pursuant to the Labor Code and Wage Order 5, and an award of reasonable attorney's fees and costs. The exact amount of the applicable penalties is an amount to be shown according to proof at trial.

## THIRD CAUSE OF ACTION

**(Claim for Failure to Provide Rest Periods – Lab. Code 226.7 and Wage Order 5, Section 12 by Plaintiff and Class and Subclass Against All Defendants and DOES 1-50)**

39.    Plaintiff hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

40.    Plaintiff brings this claim on behalf of herself and the Class and Subclass Members.

41.    Defendants were required to authorize and permit employees to take uninterrupted rest periods pursuant to Industrial Welfare Commission Wage Order 5-2001 Section 12(A). It failed to do so by not allowing such uninterrupted rest periods. Plaintiff and Class and Subclass Members are entitled to owed wages and civil penalties as a consequence of this failure.

42.    Defendant was required to pay the employees one (1) hour of pay at their regular rate of compensation for each workday that the legally compliant rest period is not provided, pursuant to Industrial Welfare Commission Wage Order 5-2001 Section 12(B). Defendant failed to do so by not allowing such interrupted rest periods. Plaintiff is entitled to civil penalties as a consequence of this failure.

43.    As a direct result of Defendant's violations alleged herein, Plaintiff and Class and Subclass Members have suffered and continues to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant's to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court. The exact amount of the applicable penalties is an amount to be shown according to proof at trial.

44.    As a result of the violations alleged herein, Plaintiff and Class and Subclass Members seek all civil penalties and owed wages available pursuant to the Labor Code and Wage Orders 5, and an award of reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

**(Claim For Failure to Pay Wages Upon Termination in Violation of Labor Code § 203 by Plaintiff on Behalf of Herself and Class and Subclass Against All Defendants and DOES 1-50)**

45.     Plaintiff hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

46.     Pursuant to Labor Code section 203, an employer may not willfully fail to pay any wages owed to an employee who is either discharged or quits.

47.     Plaintiff brings this claim on behalf of herself and the Class and Subclass Members.

48.     Defendant failed to pay Class Members who are no longer employed by Defendant compensation due upon termination as required by California Labor Code section 201 and 202. As a result, Defendant's are liable to former employee Class and Subclass Members waiting time penalties provided under California Labor Code section 203, plus reasonable attorney's fees and costs of suit. At the time of Plaintiff's termination, Plaintiff was owed wages for Defendant's failure to compensate her for overtime time and hours worked in violation of Labor Code section 203.

49.     Plaintiff, on behalf of itself and Class and Subclass Members, also request relief as described below.

50.     The exact amount of the applicable damages is an amount to be shown according to proof at trial.

## FIFTH CAUSE OF ACTION

**(Provide Accurate Wage Statements in Violation of Labor Code § 226(a) by Plaintiff, Class and Subclass Against All Defendants and DOES 1-50)**

51.     Plaintiff hereby incorporate all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

52.     Plaintiff bring this claim on behalf of themselves, and the Class Members and Subclass Members.

53.     Labor Code section 226(a) requires An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check

**COMPLAINT—12**

or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The applicable Wage Order provides: "Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

54.     Defendants knowingly and intentionally failed to provide Plaintiff, Class and Subclass Members and Subclass Members with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate by them and Class Members and Subclass Members.

55.     Plaintiff, Class and Subclass suffered injury as a result of Defendants knowing and intentional failure to provide them with accurate the wage and hour statements required by law,

which injury shall exceed the jurisdictional minimums of the superior court but no less than $4,000.

### SIXTH CAUSE OF ACTION

**(Claim For Failure to Reimburse Plaintiff for All Necessary Expenses Per Lab. Code § 2802 on Behalf of Plaintiff, Class Member and Subclass Members Against All Defendants and DOES 1-50)**

18.     Plaintiff hereby incorporates all of the allegations set for in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

19.     Plaintiff brings this claim on behalf of herself and the Class Members and Subclass Members.

20.     Plaintiff, Class Members and Subclass Members were employees of Defendants, and was not reimbursed for expenses arising in the course and scope of their employment such as the usage of their personal cell phones. Employer required Plaintiff Class Members and Subclass Members to use text messaging and phone services through their personal cell phones and did not reimburse Plaintiff, Class Members and Subclass Members for any of the necessary expenses related to this personal cell phone as required for completion of their employment duties for Defendants.

21.     At all times herein mentioned Employer was subject to Labor Code § 2802 which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee indirect consequence of the discharge of his duties, or of his obedience to the directions of the employer."

22.     As a proximate result of Employer's policies in violation of Labor Code § 2802, Plaintiff was damages in sums, which will be shown according to proof to be in excess of the jurisdictional minimum of this Court.

23.     Plaintiff is entitled to expenses, attorney's fees. Interest, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

24.     Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of

necessary expenditures under this section shall carry interest at the same rate as judgment in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure. Plaintiff is entitled to said interest.

25.     Plaintiff is entitled to reimbursement for expenses including, but not limited to, reimbursement for the use of his personal cell phone expenses when completing duties as required by Employer, attorney's fees, interest, and costs of suit pursuant to Labor code § 2802 for bringing this action.

## SEVENTH CAUSE OF ACTION
**(For Unlawful Business Practices-Bus. & Prof. Code § 17200 et seq.)**
**By Plaintiff and Class and Subclass Against All Defendants and DOES 1-50)**

56.     Plaintiff hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

57.     Business & Professions Code section 17200 states "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

58.     Through Defendants conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, the defendant has engaged in business practices in California by practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs all in violation of California law and the applicable Industrial Welfare Commission Wage Order. Defendants use of such practices constitutes an unfair business practice, unfair competition, and provides as unfair advantage over Defendants competitors doing business in the State of California that comply with their obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

59.     Defendants violations of the California Civil Code, Labor Code and the applicable Wage Order and their scheme to lower payroll costs as alleged herein constitute unlawful business practices because these actions were done in a systematic manner over a period of time to the

detriment of Plaintiff. The acts complained of herein occurred within the last four (4) years preceding the filing of this complaint and include, but are not limited to, failure to (i) include the gross wages earned, total hours worked, net wages earned and applicable hourly rates into the employee paystubs to allow them to ascertain the hourly rate in which they could expect or should have been paid; (ii) provide proper rest breaks and meal breaks; (iii) maintain accurate records and provide and maintain accurate itemized wage statements reflecting the amount of hours worked and applicable hourly rates; (iv) pay wages upon termination (v) withholding wages properly due to employees and (vi) pay correct overtime rates. Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants engaged in the above-mentioned acts of unlawful, deceptive, and unfair business practices prohibited by California Business and Professions Code sections 17200 et seq., including those set forth in the preceding paragraph, thereby depriving Plaintiff of the minimum working condition standards and conditions due, including those under Labor Code and Wage Order.

60.    As a result of Defendant's unfair competition as alleged herein, Plaintiff has suffered injury in fact and lost money or property. Plaintiff has been deprived of the rights to accurate and itemized wage statements, wages and benefits due including those as alleged herein.

61.    Pursuant to California Business & Professions Code section 17203, Plaintiff is entitled to seek restitution of all wages and other monies owed on behalf of themselves and Aggrieved Employees belonging to them, including interest thereon, which Defendants wrongfully withheld from them and retained for itself by means of its unlawful and unfair business practices.

62.    Plaintiff is entitled to an injunction and other declaratory and equitable relief against such practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

63.    Plaintiff is informed and believes, and on that basis alleges, that the illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity into the future. Plaintiff alleges that if Defendant's are not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay the wage and compensation required to be paid and will fail to comply with other requirements of the Labor Code and Wage Order.

64.     As a direct and proximate result of Defendant's conduct, Defendant has received and will continue to receive monies that rightfully belong to members of the general public who have been adversely affected by Defendant's conduct, as well as to Plaintiff by virtue of any unpaid wages and other monies or penalties associated therewith.

65.     Plaintiff is entitled and seeks any and all available remedies including but not limited to restitution and recovery of reasonable attorney's fees and costs pursuant to California Code of Civil Procedure section 1021.5, Business and Professions Code section 17200 et seq., the substantial benefit doctrine, and/or the common fund doctrine.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff prays individually and on behalf of the proposed Class, prays for judgment against Defendants as follows:

A.  Certification of Plaintiff's claims as a class action pursuant to Cal. Code of Civ. Pro. Section 382, on behalf of the proposed class;

B.  Class notice to all Class Members in California who worked for Defendants from four years prior to the filing of the original Complaint through the trial of this action;

C.  Plaintiff be appointed as the representative of the Class and Subclass;

D.  Counsel for Plaintiff be appointed as counsel for the Class and Subclass;

E.  The Court declare Defendant's policies and/or practices of failing to provide meal periods violates California Labor Code section 226.7, and 512 and Wage Order 5-2001 Section 11(A) by failing to provide the Class and Subclass Members and Aggrieved Employees with meal periods of at least one-half hour in which they were relieved of all duties for every five hours of work;

F.  The Court declare Defendant's policies and/or practices of failing to provide rest periods violates California Labor Code section 226.7 and Wage Order 5-2001 Section 12(A) by failing to provide the Class and Subclass Members and Aggrieved Employees with rest periods of at least ten minutes in which they were relieved of all duties for every four hours of work or major fraction thereof;

<strong>COMPLAINT—17</strong>

G.  The Court declare Defendant's policies and/or practices of failing to furnish accurate wage statement violates Labor Code section 226;

H.  The Court declare Defendant's policies and/or practices of failing to keep accurate payroll records of daily hours worked for Plaintiff and Class Members violates Labor Code section 1174 and 1174.5;

I.  The Court declare Defendants policies and/or practices of failing to pay all wages upon termination to Class Members, Subclass Members and Aggrieved employees violates Labor Code sections 510 and 1194; and

J.  The Court declare that, as to former employee Class and Subclass Members, Defendant has violated California Labor Code section 201-203 for willful failure to pay compensation at the time of termination of employment, resulting in unpaid waiting time penalties.

**First Cause of Action:**

1.  For an award of damages to Plaintiff and the Class Members and Subclass Members pursuant to Labor Code sections 510 and 1194.

2.  The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

3.  An award to Class and Subclass Representative Plaintiff, and the Class Members and Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code section 1021.5, California Labor Code sections 510 and 1194 and/or other applicable law.

**Second Cause of Action:**

4.  For an award of damages to Plaintiff and the Class Members pursuant to Labor Code section 226.7 (c).

5.  The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

6.  An award to Class Representative Plaintiff, and the Class Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code section 1021.5, California 226, 226.7 and/or other applicable law.

**Third Cause of Action:**

7.  For an award of damages to Plaintiff and the Class Members pursuant to Labor Code section 226.7 (c).

8.  The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

9.  An award to Class Representative Plaintiff, and the Class Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code section 1021.5, California 226, 226.7 and/or other applicable law.

**Fourth Cause of Action:**

10. For an award for the Plaintiff and Class Members for owed wages and penalties, plus interest pursuant to Labor Code section 203.

11. The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

12. For attorney's fees and costs to the extent permitted by Labor Code section 218.5 and

13. California Code of Civil Procedure 1021.5.

**Five Cause of Action:**

14. For an award for the Plaintiff, Class Members and Subclass Members for penalties pursuant to Labor Code section 226.

15. For penalties to recover the greater of actual damages of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each subsequent violation pursuant to Labor Code section 226(e). The exact amount of the

applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

16. For costs and reasonable attorney's fees pursuant to Labor Code section 226(e).

**Sixth Cause of Action:**

17. For general and special damages arising out of the violations of the Labor Code, including, but not limited to Labor Code section 2802, such amount to be subject to proof at the time of trial;

18. For attorney's fees Plaintiff, Class Members, Subclass Members have incurred to enforce his rights pursuant to California Code of Civil Procedures sections 1021.5 and 226(g), and Labor Code section 1194, subdivision (a) and other statutory bases for attorney's fees;

19. For prejudgment interest at the legal rate;

20. For costs of suit herein; and

21. For such other relief as the Court deems just and proper.

**Seventh Cause of Action**:

22. For a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendant and its agents, servants and employees, and all persons acting under, in concert with, or for Defendant from engaging in the unlawful, unfair, and fraudulent acts and business practices described in Paragraphs 56 through 65 above;

23. For restitution, lost wages and penalties therewith;

24. For pre-judgment and post-judgment interest to the extent permitted by law;

25. For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Code of Civil Procedure section 1021.5, Business and Professions Code sections 17200, et seq., Labor Code section 1194 and any other applicable provision of law; and

26. For such other relief as the Court deems just and proper.

**As to All Causes of Action**:

27. For reasonable attorneys' fees and costs incurred

28. Interest accrued to date under the California Labor Code, including under Sections 226.7;

29. For such other and further relief as this Court may deem just and proper.

Dated: January 29, 2020                                    **Jackson Law, APC**


By: *Armond m Jackson*
Armond M. Jackson
Attorneys for Plaintiff Karla Godinez


## **DEMAND FOR JURY TRIAL**

Plaintiff Karla Godinez demands a jury trial in the above captioned matter.


Dated: January 29, 2020                                    **Jackson Law, APC**


By: *Armond m Jackson*
Armond M. Jackson
Attorneys for Plaintiff Karla Godinez


**COMPLAINT—21**

# EXHIBIT B

1  JEFFREY P. FUCHSMAN, SBN 105651
   jfuchsman@brgslaw.com
2  BALLARD ROSENBERG GOLPER & SAVITT, LLP
   15760 Ventura Boulevard, Eighteenth Floor
3  Encino, California 91436
   Telephone:    (818) 508-3700
4  Facsimile:    (818) 506-4827

5  Attorneys for Defendant MERRITT
   HOSPITALITY, LLC

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11 KARLA GODINEZ, as an individual and on      Case No. 30-2020-01127848-CU-OE-CXC
   behalf of others similarly situated,,
12                                              *Assigned to Hon. Peter Wilson, Dept. CX102*
                Plaintiff,
13                                              **ANSWER TO COMPLAINT**
          vs.
14
   MERRITT HOSPITALITY, LLC, and DOES          Action Filed:    January 29, 2020
15 1-50, inclusive,                            Trial Date:      None Set

16              Defendants.

17

18

19        Defendant  MERRITT  HOSPITALITY,  LLC  ("Defendant")  hereby  responds  to  the

20 unverified Complaint ("Complaint") filed by Plaintiff KARLA GODINEZ ("Plaintiff"), and admits,

21 denies, and alleges as follows:

22                              **GENERAL DENIAL**

23        Pursuant  to  Code  of  Civil  Procedure  section  431.30,  Defendant  denies  generally  and

24 specifically each and every material allegation contained in the Complaint, and further denies that

25 Plaintiff and other putative class members have been injured in any sum therein alleged, or in any

26 sum or sums, or at all.

27 / / /

28 / / /

*(left margin)* BALLARD ROSENBERG GOLPER & SAVITT, LLP  15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR  ENCINO, CALIFORNIA 91436

843424.1

1

**ANSWER TO COMPLAINT**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.     The Complaint fails to state facts sufficient to constitute a cause of action or a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Improper Party)

2.     Any recovery on the Complaint is barred to the extent Defendant was not the employer of Plaintiff or putative class members, and is not a proper party to this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

#### (No Penalties/Attorney's Fees)

3.     The Complaint fails to state facts sufficient to support a cause of action upon which penalties and/or attorney's fees may be awarded.

### FOURTH AFFIRMATIVE DEFENSE

#### (Estoppel)

4.     Any recovery on the Complaint is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

5.     Any recovery on the Complaint is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

#### (Waiver)

6.     Any recovery on the Complaint is barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Laches)

7.     Any recovery on the Complaint is barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

#### (No Standing)

8.     Any recovery on the Complaint is barred because Plaintiff lacks standing.

/ / /

**NINTH AFFIRMATIVE DEFENSE**

**(Penalties Unconstitutional)**

9.      Plaintiff and putative class members are not entitled to recover penalties because an award of penalties would violate Defendant's rights under the Constitutions of the United States and the State of California, including, without limitation, the right to procedural and substantive due process, and protection from excessive fines.

**TENTH AFFIRMATIVE DEFENSE**

**(Attorney's Fees)**

10.      Defendant is entitled to recover all costs and attorney's fees incurred herein pursuant to Code of Civil Procedure § 128.7, inasmuch as any and all of the claims alleged in the Complaint are frivolous, unreasonable or without foundation, or as the prevailing party under the Labor Code.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

11.      The Complaint is barred because every action taken by Defendant was privileged, and undertaken in good faith.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Set off)**

12.      If any damages have been sustained by Plaintiff or putative class members, Defendant is entitled under the equitable doctrine of set off and recoupment to offset any overpayments to Plaintiff or putative class members.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(*De Minimis*)**

13.      Any recovery on the Complaint is barred because any time that Defendant allegedly failed to pay Plaintiff or putative class members was *de minimis*.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Not Compensable Work Hours)**

14.      Any recovery on the Complaint is barred because any time that Defendant allegedly failed to pay Plaintiff or putative class members was not compensable work hours.

3

**ANSWER TO COMPLAINT**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge)

15.     To the extent Plaintiff alleges that Plaintiff or putative class members worked off the clock, any recovery on the Complaint is barred because Defendant neither knew nor should have known about any hours worked off the clock.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay)

16.     Defendant has not willfully failed to pay wages upon termination to Plaintiff or any putative class members.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Exhaustion of Grievance and Arbitration Procedures)

17.     The Complaint is barred by the failure of Plaintiff or putative class members to exhaust any prerequisite contractual or administrative remedies, including, but not limited to, the grievance and arbitration procedures contained in any applicable collective bargaining agreement or individual arbitration agreement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (NLRA Preemption)

18.     To the extent Plaintiff purports to sue on behalf of employees who are covered by a collective bargaining agreement, the Complaint is preempted by sections 7 and 8 of the National Labor Relations Act ("NLRA") (29 U.S.C. §§ 157, 158).

## NINETEENTH AFFIRMATIVE DEFENSE

### (LMRA Preemption)

19.     To the extent Plaintiff purports to sue on behalf of employees who are covered by a collective bargaining agreement, the Complaint is preempted by section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185).

/ / /

/ / /

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

### TWENTIETH AFFIRMATIVE DEFENSE

### (Union at Fault)

20.     To the extent Plaintiff purports to sue on behalf of employees who are covered by a collective bargaining agreement, the Complaint is barred because any alleged damages are a result of the conduct of the union representing those employees, and, as such, the union is solely responsible for any resulting damage.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Exempt)

21.     To the extent Plaintiff purports to sue on behalf of employees who are covered by a collective bargaining agreement, any recovery on the Complaint is barred because those employees are exempt from overtime pursuant to Labor Code § 514 and Wage Order 5, § 3(L).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Regular Rate)

22.     To the extent Plaintiff alleges that Plaintiff or putative class members were not paid overtime at the correct regular rate, Defendant correctly included incentive compensation in the regular rate when calculating overtime.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Another Action Pending)

23.     Any recovery on the Complaint is barred by the doctrine of concurrent exclusive jurisdiction insofar as the claims asserted by Plaintiff are the subject of another pending class action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

24.     Any recovery on the Complaint is barred by the applicable statutes of limitations including, without limitation, the six-month statute of limitations of 29 U.S.C. § 160(b), the one-year statute of limitations of Code of Civil Procedure § 340(a), the two-year statute of limitations of Code of Civil Procedure §§ 335.1 and 339, the three-year statute of limitations of Code of Civil Procedure § 338, and the four-year statute of limitations of Business and Professions Code § 17208.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Class or Representative Action)

25.    The Complaint fails to state facts sufficient to support a class or representative action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Accord & Satisfaction)

26.    Any recovery on the Complaint is barred as to any putative class member who has entered into a binding settlement and release of claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

27.    Any recovery on the Complaint is barred by the doctrine of res judicata as to any putative class member who is covered by an earlier class action settlement and judgment.

28.    Defendant reserves the right to amend this Answer to assert additional affirmative defenses as additional facts are discovered.

## PRAYER

WHEREFORE, Defendant pray as follows:

1.    Plaintiff and putative class members take nothing by way of the Complaint;

2.    Defendant be awarded reasonable attorney's fees pursuant to Code Civ. Proc. section 128.7, Labor Code § 218.5, and/or any other applicable law, and their costs of suit incurred herein; and

3.    For such other and further relief as the Court may deem just and proper.

DATED:  May 14, 2020                BALLARD ROSENBERG GOLPER & SAVITT, LLP


By: _____
        JEFFREY P. FUCHSMAN
Attorneys for Defendant MERRITT HOSPITALITY, LLC

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

843424.1

6

**ANSWER TO COMPLAINT**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

On May 14, 2020, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT,** on the interested parties in this action as follows:

Armond M. Jackson
Jackson Law, APC
2 Venture Plaza, Suite 240
Irvine, CA 92618
Telephone: (949) 281-6857
Facsimile: (949) 777-6218
Email: ajackson@jlaw-pc.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  By electronic mail transmission by transmitting a PDF format copy of such document to each such person at the e-mail address listed below their addresses.  The document was transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 14, 2020, at Encino, California.

_____
Lisa Chiarella

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

843424.1

**PROOF OF SERVICE**

# EXHIBIT C

Case 8:20-cv-00941-JWH-KES Document 1 Filed 05/21/20 Page 52 of 58 Page ID #:52

30-2020-01127848-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Armond M. Jackson (SBN: 281547)<br>Jackson Law, APC<br>2 Venture Plaza, Ste. 240, Irvine, CA 92618<br><br>TELEPHONE NO.: 949-281-6857  FAX NO.: 949-777-6218<br>ATTORNEY FOR *(Name):* Plaintiff Karla Godinez | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.,
MAILING ADDRESS: 751 W. Santa Ana Blvd., Santa Ana, CA 92701
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Godinez v. Merritt Hospitality, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>30-2020-01127848-CU-OE-CXC |
|---|---|---|---|
| ☒ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**  ☐ **Joinder**<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE: *Judge Peter Wilson*<br>DEPT: CX102 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☒ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☒ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☒ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☒ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):*  7
5. This case ☒ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 27, 2020

Armond M. Jackson
(TYPE OR PRINT NAME)  ▶  *Armond m Jackson*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

**751 W. Santa Ana Blvd**

**Santa Ana, CA 92701**

**(657) 622-5300**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2020-01127848-CU-OE-CXC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. Peter Wilson | CIVIL COMPLEX CENTER | CX102 | (657) 622-5300 |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

**[ x ]  ADR Information attached.**

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.
.Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
.   - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
.   - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
.* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
.* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.
.All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date:  01/30/2020

Sarah Strege

_____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 03/02/2020                    TIME: 03:36:00 PM        ·DEPT:  CX102

JUDICIAL OFFICER PRESIDING: Peter Wilson
CLERK: Virginia Harting
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2020-01127848-CU-OE-CXC**  CASE INIT.DATE: 01/29/2020
CASE TITLE: **Godinez vs. Merritt Hospitality,LLC**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 73236309
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $1,000.00 as required by Government Code § 70616 shall pay the fee to the Clerk of the Court within 10 court days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Status Conference is scheduled for 05/15/2020 at 09:00 AM in Department CX102.**

Plaintiff shall, at least 5 court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries 3 court days prior to the hearing. DO NOT use the CMC (Case management Statement) form used for non-complex cases (Judicial Council Form CM-110).

All proposed order (including those submitted pursuant to stipulation) must be submitted in 2 electronic formats. One copy is to be filed in Word (without attachments), and another copy in .pdf format with all attachments/exhibits attached to it. Failure to follow this rule may result in the proposed order not being brought to the attention of the Court in a timely fashion. Ensure that the proposed order is identified as a "Proposed Order."

Additional departmental information may be obtained by visiting the Court's website at:

DATE: 03/02/2020                    MINUTE ORDER                    Page 1
DEPT:  CX102                                              Calendar No.

94.529528. 3 of 4

CASE TITLE: Godinez vs. Merritt Hospitality,LLC | CASE **30-2020-01127848-CU-OE-CXC** | NO:

COMPLEX CIVIL DEPARTMENT GUIDELINES –
http://www.occourts.org/directory/civil/complex-civil/department-guidelines.pdf

COMPLEX CIVIL COURTROOM SCHEDULE & REQUIREMENTS - ADDITIONAL GUIDELINES FOR
CX102 - http://www.occourts.org/directory/civil/complex-civil/calendar-schedule/civil-panel-schedule.html

CIVIL TENTATIVE RULINGS - http://www.occourts.org/directory/civil/tentative-rulings/

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

DATE: 03/02/2020
DEPT:  CX102

MINUTE ORDER

Page 2
Calendar No.

94.529528. 4 of 4

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Godinez vs. Merritt Hospitality, LLC

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: **30-2020-01127848-CU-OE-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 03/02/20 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 3/2/20. Following standard court practice the mailing will occur at Sacramento, California on 3/3/20.

JACKSON LAW, APC
2 VENTURE PLAZA 240
IRVINE, CA 92618

Clerk of the Court, by: _VHarting_ , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

Code of Civ. Procedure , § CCP1013(a)

94.529528. 2 of 4

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is
4 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

5      On May 21, 2020, I served true copies of the following document(s) described as **NOTICE OF REMOVAL; MEMORANDUM OF POINTS AND**
6 **AUTHORITIES; DECLARATIONS OF JEAN COLLIER AND  MELANIE EW SCHMIER,** on the interested parties in this action as follows:

7

8 Armond M. Jackson
Jackson Law, APC
2 Venture Plaza, Suite 240
9 Irvine, CA 92618
Telephone: (949) 281-6857
10 Facsimile: (949) 777-6218
Email: aiackson@ilaw-pc.com

11

12      **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  By electronic mail transmission by transmitting a PDF format copy of such document to each such
13 person at the e-mail address listed below their addresses.  The document was transmitted by electronic transmission and such transmission was reported as
complete and without error.
14

15      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16      Executed on May 21, 2020, at Encino, California.

17

18

19 _____
Lisa Chiarella
20

21

22

23

24

25

26

27

28

847926.1

---

**PROOF OF SERVICE**

---

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436