JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA GODINEZ, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MERRITT HOSPITALITY, LLC, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 8:20-cv-00941-JWH-KES<br><br>**JUDGMENT** |

Pursuant to the "Order Regarding Plaintiff's Motion for Class Action Settlement Approval [ECF No. 74] & Plaintiff's Motion for Settlement Approval of Class Action Attorneys' Fees and Costs [ECF No. 75]" filed substantially contemporaneously herewith, and in accordance with Rules 23 and 58 of the Federal Rules of Civil Procedure,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court possesses subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332(d).

2. Fictitiously named Defendants Does 1-50 are **DISMISSED**.

3. The proposed settlement as reflected in the settlement agreement, which establishes a settlement fund of $1,750,000, is **APPROVED**. A portion of those funds is allocated for the Private Attorneys General Act ("PAGA") claim.

4. The following settlement class is **CERTIFIED**:

    All current and former non-exempt employees of Defendant Merritt Hospitality, LLC in California at any time during the period from January 29, 2016 through November 2, 2021, excluding employees who were employed by Defendant at the Warner Center Marriott and the Hilton Santa Cruz/Scotts Valley.

5. Plaintiff Karla Godinez is **APPOINTED** as the representative of the settlement class.

6. Godinez is **AWARDED** $5,000 as a service award for serving as class representative.

7. Class Counsel are **AWARDED** attorneys' fees in the amount of $437,500 and the reimbursement of litigation expenses in the amount of $13,505.60.

8. The settlement administrator, Phoenix Class Action Administration Solutions, is **AWARDED** $25,000 in administration costs.

9. The payment of attorneys' fees and expenses to Class Counsel, the service award, and the administration costs in this action are **DIRECTED** be made from the settlement fund, and the released parties as described in the settlement agreement shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses, the service awards, or the administration costs. The released parties' only and total liability is the settlement fund.

10. The settlement agreement is **APPROVED** as fair, reasonable, and adequate as to, and in the best interests of, settlement class members; the parties and their counsel are **DIRECTED** to implement and consummate the agreement according to its terms and provisions; and the agreement is **DECLARED** to be binding on, and to have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Godinez and the class.

11. To the extent permitted by law and without affecting the other provisions of this Judgment, this Judgment is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, or otherwise on behalf of the settlement class or its members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses arising out of or relating to the claims released under the settlement agreement.

12. Plaintiffs, Participating Class Members, and the recipients of the PAGA payment are bound by this Judgment; they are **ENJOINED** from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the settlement agreement; and they are **DIRECTED** not to contest or to interfere with efforts by Defendant Merritt Hospitality, LLC

/ / /

or by any other Released Parties to oppose any attempt to bring such released claims against any of them.

13. The Court shall retain continuing jurisdiction over this action with respect to the following matters:

    a. the enforcement of the terms of the settlement agreement;

    b. issues relating to settlement administration; and

    c. the enforcement of this Judgment and any order relating to attorneys' fees or expenses, the class representative's service award, or administration costs.

14. Other than potential post-judgment remedies, to the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 2, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE